UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM DAN MOSS                                    CIVIL ACTION

VERSUS                                              NO. 15-2632

LOUISIANA DEPARTMENT                                SECTION: "A"(1)
OF CORRECTIONS, ET AL.

REPORT AND RECOMMENDATION

In July of 2015, plaintiff, William Dan Moss, a former Louisiana inmate currently residing in Texas, filed a *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections concerning various incidents which occurred while he was incarcerated in Louisiana.[1]  On July 20, 2015, the undersigned notified plaintiff that the Louisiana Department of Corrections was not a proper defendant and afforded him an opportunity to file an amended complaint.[2]  He subsequently filed his amended complaint in August of 2015.[3]  In that amended complaint, he asserted the following claims against the following defendants:

First, he sued Sheriff Kevin Cobb with respect to claims which occurred "Sept 2011/Nov 2012" while plaintiff was incarcerated at the Franklin Parish Detention Center in Winnsboro, Louisiana.  He stated his claims against Cobb as follows:

> I filed ARP and complained of serious laws being broken, to include guns and drugs on the compound.  I was in the work-release program in Franklin parish.  I was then taken out of work-release and put in a holding cell with men who had never even been sentenced.  I was held for 9 months before being shipped to Richland parish.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 4.

[3] Rec. Doc. 5.

I was shipped in my underwear, by a woman guard.  Also, I was bit by a spider and suffered great pain and trauma, I was seen and treated by a doctor in Winnsboro, La.[4]

Second, plaintiff sued Sheriff Lee Harrell with respect to claims which occurred "Nov 2012/March 2013" while plaintiff was incarcerated at the Richland Parish Detention Center in Rayville, Louisiana.  He stated his claims against Harrell as follows:

I filed ARP and complained of serious laws being broken, to include drugs on the compound, and smoking in the dorm.  I was then taken out of work-release and put in a holding cell with men who had never even been sentenced.  I was shipped in my underwear, by a woman guard, and a woman deputy.  I suffered greatly by being denied my inhalers for my Asthma, and having to breath second hand smoke, caused me great pain and mental anguish.  I was placed in a woman's dorm and was exposed to sexual behavior and harassment.[5]

Third, plaintiff sued Sheriff Jerry Larpenter, incorrectly identified as "Larpender," with respect to claims which occurred "March 2013/Aug 2013" while plaintiff was incarcerated in Houma, Louisiana, in Terrebonne Parish.  He stated his claims against Larpenter as follows:

I filed ARP and complained of serious laws being broken, to include drugs on the compound.  I was exposed to hazardous chemicals and smoke at work and at the work-release facility.  I witnessed many men OD from "MoJo" (synthetic Weed), and even one death.  I was exposed to guns, drugs and alcohol by my employers.  This caused me great stress and mental/physical pain.  When I complained, I was made to be the "RAT" or outlaw by warden's and guards.[6]

Fourth, plaintiff sued Sheriff Louis Ackal with respect to claims which occurred "Aug 2013/Jan 2014" while plaintiff was incarcerated in New Iberia, Louisiana, in Iberia Parish.  He stated his claims against Ackal as follows:

I filed ARP and complained of serious laws being broken, to include drugs on the compound.  I was exposed to hazardous chemicals and 2nd hand smoke, MoJo and

---

[4] Rec. Doc. 5, p. 1.

[5] Rec. Doc. 5, p. 2.

[6] Rec. Doc. 5, p. 3.

cigarettes.  I witnessed a young man OD from MoJo, (Synthetic Weed) he died in the bathroom on Dec 8, 2013.  I tried to send mail to my family to inform them of drug use but the letter was taken by my employer and given to the warden.  I was then put in jail with men who had not been sentenced for their crimes.  My civil rights were violated and I never received "Due Process."[7]

Fifth, plaintiff sued Sheriff Kenneth Hedrick with respect to claims which occurred "Jan 2014/March 2014" while plaintiff was incarcerated in Vidalia, Louisiana, in Concordia Parish.  He stated his claims against Hedrick as follows:

I filed ARP and complained of serious laws being broken, to include drugs on the compound.  I was exposed to hazardous chemicals and smoke at work and at the work-release facility.  I witnessed many men use drugs, this caused me great stress and mental/physical pain.  I filed a "Civil Rights Violation" by ARP on the phone charges and I was made to eat my lunch outside the building in the cold while at work.[8]

## I.  Standards of Review

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action ... –

      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary damages against a defendant who is immune
      from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the

---

[7] Rec. Doc. 5, p. 4.

[8] Rec. Doc. 5, p. 5.

3

Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint, as amended,[9] the undersigned recommends that, for the following reasons, this matter be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

## II. The Original Complaint

The claims in the original complaint should be dismissed because the sole defendant named therein, the Louisiana Department of Corrections, cannot properly be sued in an action filed pursuant to 42 U.S.C. § 1983.

In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

---

[9] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

State agencies, such as the Louisiana Department of Corrections, are not "persons" subject to suit under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *2 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F. Supp. 2d 729, 735 (M.D. La. 2005).

Further, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent."  Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI.  The United States Fifth Circuit Court of Appeals has explained:

> When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
>    Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d

312, 313-14 (5th Cir. 1999); Gabriel, 2010 WL 3169840, at *2-3; McGuire, 2009 WL 4891914, at *3-4.

Accordingly, plaintiff's claims against the Louisiana Department of Corrections must be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### III. The Amended Complaint

As noted, plaintiff filed has also filed an amended complaint against various individuals, only one whom resides within this district, asserting a variety of claims. These additional claims suffer from myriad defects.[10] Although some of those defects could perhaps be corrected through further amendments, such amendments need not be allowed because there is one defect that clearly cannot

---

[10] All of the defendants named in the amended complaint are sheriffs of various parishes throughout Louisiana. However, even if some of the incidents alleged could perhaps serve as a basis for cognizable § 1983 claims, plaintiff makes no factual allegations which connect the sheriffs to those incidents. Therefore, his allegations at this point are insufficient to state claims against the sheriffs.

For example, if plaintiff is attempting to assert individual-capacity claims against the sheriffs, it is clear that he "must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this lawsuit, plaintiff does not allege any personal involvement on the part of the sheriffs. Although they are supervisory officials, it is clear that they may not be held liable pursuant to § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.")

On the other hand, if plaintiff is attempting to assert official-capacity claims against the sheriffs, then he must allege, *inter alia*, that a "policy or custom" resulted in the violation of his rights. Butler v. Weppelman, 487 Fed. App'x 940 (5th Cir. 2012); Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007); Magee v. Gusman, Civ. Action No. 14-0690, 2015 WL 4621827, at *1 (E.D. La. July 31, 2015); Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *2 (E.D. La. Oct. 1, 2009). He has made no such allegation.

be corrected:  all of the claims asserted in the amended complaint were prescribed at the time of filing.

A § 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989) (quotation marks omitted).  In this case, plaintiff knew or had reason to know of his injuries at the time of the incidents on which his claims are based.  According to the allegations of his amended complaint, plaintiff's claims therein are based on incidents which occurred between September of **2011** and March of **2014**.

Once his claims accrued, plaintiff then had to file suit within "the forum state's general personal injury limitations period." Id.  As a result, he had only one year after his claims accrued in which to file suit in this Court pursuant to § 1983.  See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period.  In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008).  Here, plaintiff's original complaint was filed in July 2015 and his amended complaint was filed in August of 2015, well over one year after his claims accrued.  Therefore, his claims were prescribed at the time of filing.  Prescribed claims are properly dismissed as frivolous.  See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this twenty-sixth day of August, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.